# United States Court of Appeals
## For the First Circuit

No. 15-1405

UNITED STATES OF AMERICA,

Appellee,

v.

NARCISO MONTERO-MONTERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Selya and Lipez,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, and Thomas F. Klumper, Assistant United States Attorney,
Senior Appellate Counsel, on brief for appellee.

March 23, 2016

**SELYA**, **Circuit Judge**.  In this sentencing appeal, the appellant claims both that his sentence is procedurally infirm (because the district court failed adequately to explain its sharp upward variance) and that it is substantively unreasonable (because the district court did not articulate a plausible rationale sufficient to make the length of the sentence defensible).  For present purposes, these claims are two sides of the same coin.  After careful consideration, we conclude that the district court's utter failure to explain its sharp upward variance requires vacation of the sentence.

A detailed canvass of the facts and travel of the case would serve no useful purpose.  It suffices to say that defendant-appellant Narciso Montero-Montero was before the district court for sentencing in connection with a violation of the conditions of his supervised release (a supervised release term having been imposed following an earlier conviction for conspiracy to possess with intent to distribute narcotics).  See 21 U.S.C. §§ 841(a)(1), 846.

Applying the advisory sentencing guidelines to the facts, the guideline sentencing range for this offense was 6 to 12 months.  See USSG §§7B1.1(a)(2), 7B1.4(a).  Nevertheless, the district court sentenced the appellant to a 60-month term of immurement (the statutory maximum for the supervised release violation, see 18 U.S.C. § 3583(e)(3)).  The court offered no

coherent explanation for its dramatic upward variance, and this timely appeal ensued.

Claims of sentencing error are customarily reviewed for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). That review typically starts with claims of procedural error. See Martin, 520 F.3d at 92. But where the appellant has failed to preserve a claim of procedural error below, review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). To succeed under plain error review, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id.

In its procedural aspect, the claim of error here is that the district court did not adequately state its reasons for imposing a sentence that exceeded the top of the applicable guideline range by a multiple of five (that is, a 500% upward variant). Since the appellant did not advance this claim below, our review is for plain error.

Congress has instructed every sentencing court to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Although the sentencing court's explanation need not "be precise to the point of pedantry," United

- 3 -

States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006), the explanation ordinarily must "identify the main factors driving [the court's] determination." United States v. Sepúlveda-Hernández, ___ F.3d ___, ___ (1st Cir. 2016) [No. 15-1293, slip op. at 5]; see United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015).

If the district court imposes a sentence that falls within the guideline sentencing range, the burden of adequate explanation is lightened. See United States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015); United States v. Ocasio-Cancel, 727 F.3d 85, 91 (1st Cir. 2013). Conversely, if the district court imposes a sentence that either ascends above or descends below the guideline sentencing range, the burden of adequate explanation grows heavier. See Gall, 552 U.S. at 50; United States v. Ofray-Campos, 534 F.3d 1, 43 (1st Cir. 2008). And that burden increases in proportion to the extent of the court's deviation from the guideline range: the greater the deviation, the greater the burden of justifying the sentence imposed. See United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006); United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005).

In this instance, the variance from the peak of the guideline range is unusually steep. Thus, the need for some explication of the sentencing court's rationale was acute. The sentencing transcript, though, does not contain any such

- 4 -

explication — there is nothing that remotely resembles an adequate explanation of the sharply variant sentence.

To be sure, a sentencing court's rationale sometimes may be inferred from the sentencing colloquy and the parties' arguments (oral or written) in connection with sentencing. See United States v. Rivera-Clemente, ___ F.3d ___, ___ (1st Cir. 2016) [No. 13-2275, slip op. at 13]. Here, however, the record offers very few clues as to what was in the sentencing court's mind. Given the marked extent of the variance, we are reluctant to guess at what the court was thinking.

We summarize succinctly. When, as now, a sentencing court imposes a variant sentence, that sentence must be explained, either explicitly or by fair inference from the sentencing record. In this case, the variant sentence is at the statutory maximum and represents a five-fold increase over the high end of the guideline range. Yet, we are confronted with the virtually complete absence of any meaningful explanation for what appears, on its face, to be an uncommonly harsh sentence. We are, moreover, unable to backfill the gaps by drawing reasonable inferences from other parts of the sentencing record.

Plain error review is not appellant-friendly. But the plain error barrier, though formidable, is not insurmountable. We conclude that the appellant has scaled that barrier and shown plain error. See, e.g., United States v. Rivera-Gonzalez, 809 F.3d 706,

711-12 (1st Cir. 2016) (vacating, under plain error standard, inadequately explained sentence that constituted six-fold increase over top of guideline range). After all, the district court's failure to make anything resembling an adequate explanation of the appellant's variant sentence was a clear and obvious error, especially given the Brobdingnagian extent of the variance. That error may well have affected the appellant's substantial rights. In such circumstances, it would cast a shadow over the courts' reputation for fairness to enforce the sentence blindly.

We need go no further.[1] For the reasons elucidated above, we <u>vacate</u> the appellant's 60-month sentence and <u>remand</u> for resentencing consistent with this opinion. We take no view as to the length of the sentence to be imposed on remand.

**<u>Vacated and Remanded.</u>**

---

[1] We have said that a sentence is substantively reasonable as long as it rests on a "plausible sentencing rationale" and embodies a "defensible result." <u>Martin</u>, 520 F.3d at 96. Here, the appellant also argues that his sentence fails this test because the district court did not articulate a "plausible sentencing rationale" sufficient to show that a statutory maximum sentence was a "defensible result." Because we vacate the sentence and remand for resentencing on a different (though related) ground, we do not reach this claim of error.