# United States Court of Appeals
## For the First Circuit

No. 18-2236

UNITED STATES,

Appellee,

v.

EMANUEL MUÑOZ-FONTANEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Kayatta and Howard, Circuit Judges.*

Heather Clark and Clark Law Office on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and B. Kathryn Debrason, Assistant United States Attorney, on brief for appellee.

February 28, 2023

---

* This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

HOWARD, **Circuit Judge**.  Puerto Rico Police Department ("PRPD") officers arrested Emanuel Muñoz-Fontanez ("Muñoz") after searching his home and car and finding a substantial cache of guns and ammunition along with thirty-two pills of Oxycodone and Xanax and four small plastic bags of marijuana.  A federal grand jury subsequently indicted him on six counts.  Pursuant to a plea agreement, Muñoz pled guilty to two charges, possessing firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D).  The government agreed to request dismissal of the other four charges,[1] and the parties agreed to recommend a combined sentence between 96 and 120 months in prison.  The aggregated Guideline Sentencing Range ("GSR") for the crimes was sixty to sixty-six months in prison, but the district court varied upwards to impose a sentence of 144 months.  Muñoz appeals the sentence.

Muñoz first decries the adequacy of the district court's explanation for his sentence.  Unpreserved below, this procedural reasonableness argument is reviewed for plain error.  United States v. Soto-Soto, 855 F.3d 445, 448 & n.1 (1st Cir. 2017).  Inadequate explanation is a recognized sentencing error, Gall v. United

---

[1] The district court granted the dismissal.  One of the dismissed charges, an alleged violation of 18 U.S.C. § 924(c)(1)(B)(ii), carried a thirty-year statutory minimum sentence.

States, 552 U.S. 38, 51 (2007), and "the greater the deviation [from the GSR], the greater the burden of justifying the sentence imposed."  United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016).  The sentence here was nearly two and a half times the GSR.[2]

The court offered no explicit rationale tying the instant facts to the statutory sentencing goals.  After briefly hearing arguments from each party, the court described the plea agreement and the calculation of the GSR (including Muñoz's complete lack of criminal history).  It then noted Muñoz's age, education level, employment history, and prior drug use.[3]  Next, it recounted the uncontested facts of his arrest.[4]  Finally, after noting the parties' recommended range and requested sentences, the

---

[2] The sentence was also two years longer than the top end of the recommended sentence range in the plea agreement, a sentence range that was calculated explicitly taking account of the dismissed charges.

[3] In his PSR, Muñoz admitted to using approximately five cigarettes of marijuana in the 13 years since the tenth grade. The court described this as "a history of using marijuana since he was in the tenth grade."

[4] When arrested, Muñoz had five guns (one was modified to enable automatic firing), 886 rounds of ammunition, 14 magazines, and the drugs described at the beginning of this opinion.  His phone had two videos of him shooting a firearm and a third video depicting large bags of marijuana, scales with marijuana being weighed, large amounts of cash, and the defendant saying "let's make some money" ("vamos a hacer chavos").  The phone also contained pictures of deceased individuals who, according to PRPD, had been recently killed in the area.

court stated: "The Court finds that the sentences to which the parties agreed do not reflect the seriousness of the offense, do not promote respect for the law, do not protect the public from further crimes by Mr. Muñoz, and do not address the issues of deterrence and punishment."

Other aspects of the record do not clarify the court's thinking. In the written statement of reasons, the court again recounted the facts of the arrest without explaining why those facts supported the result. The record does reveal that, in arguing for a 120-month sentence, the government focused on the destructive nature of an automatic weapon that Muñoz possessed and its connection with a drug crime, as well as the number of firearms and amount of ammunition he possessed. And, to be sure, in some circumstances we can infer a court's reasoning from the parties' arguments, United States v. Ramos, 763 F.3d 45, 57 (1st Cir. 2014). But the court's mere listing of the facts of the arrest, without emphasis on any particular circumstance, makes it impossible to tell whether it was the automatic weapon or something else that motivated its decision.[5]

The absence of explanation here contravenes Congress's clear and "well known" command that the courts explain themselves

---

[5] The government did not file a sentencing memorandum, so we can only use the statements made at the sentencing hearing to infer the sentencing court's reasoning.

when announcing sentences.  United States v. Mantha, 944 F.3d 352, 357 (1st Cir. 2019); 18 U.S.C. § 3553(c)(2).[6]  Though plain error is a demanding standard, failure to explain a sentence "cast[s] a shadow over the court's reputation for fairness."  Montero-Montero, 817 F.3d at 37.  And "we cannot rule out the possibility of a lower sentence until the district court explains its reasons for selecting" the sentence.  Mantha, 944 F.3d at 357-58.  We have overturned upwardly variant sentences under plain error review when the explanations were similarly lacking.  See Mantha, 944 F.3d at 357-58; Montero-Montero, 817 F.3d at 37-38; United States v. Rivera-Gonzalez, 809 F.3d 706, 711-12 (1st Cir. 2016).  When imposing a significant variance, a sentencing court must make clear which specific facts of the case motivated its decision and why those facts led to its decision.

Muñoz also argues that his sentence is too long, but, given the procedural errors, we need not address that point; nor are we in an advantageous position to do so without the benefit of the district court's thinking.

**Vacated** and **remanded** for resentencing consistent with this opinion.

---

[6] Although Muñoz did not cite this statute, cases he relies on use it as the basis for discussion.  See, e.g., United States v. Brown, 808 F.3d 865, 871-74 (D.C. Cir. 2015).