# United States Court of Appeals
## For the First Circuit

Nos. 21-1903
     22-1149

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE MERCADO-CAÑIZARES,

Defendant, Appellant.


APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Montecalvo, Thompson, and Aframe, Circuit Judges.


Jessica Earl, Assistant Federal Public Defender, with whom Eric Alexander Vos, Federal Public Defender, and Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Section, were on brief, for appellant.
Julian N. Radzinschi, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.


April 2, 2025

**MONTECALVO, <u>Circuit Judge</u>.** Jorge Mercado-Cañizares ("Mercado") appeals from a sixty-month sentence imposed for violating the terms of supervised release ("revocation sentence"). He also appeals from a related forty-eight-month sentence imposed after he pled guilty to one new count of illegally possessing a machinegun, 18 U.S.C. § 922(o) ("§ 922(o) sentence") which is to be served consecutively to the revocation sentence.

Mercado now challenges both sentences on procedural grounds. On the revocation sentence, Mercado contends that the district court failed to articulate an adequate basis for an 82% upward variance from the top end of the sentencing range set by the United States Sentencing Guidelines ("Guidelines"). And on the related sentence for the new possession charge, which varied 30% upward from the top of the Guidelines sentencing range, Mercado objects to the district court's reliance in sentencing on the nature of the machinegun found in Mercado's possession; the quantity of ammunition present; a policy disagreement with how the Guidelines treat machineguns; and community-based statistics on the prevalence of gun violence in Puerto Rico.

We agree with Mercado that the upward variance on his revocation sentence was procedurally flawed and thus vacate the revocation sentence and remand for resentencing. However, we find no error regarding the § 922(o) sentence and therefore affirm it.

# I. Background

## A. Factual Background

In 2013, Mercado began serving a prison sentence for an armed robbery of a gas station. Mercado began his term of supervised release on November 8, 2019. The conditions of his supervised release, as relevant here, required him to (1) not commit another crime; (2) not unlawfully use or possess any controlled substances; (3) not possess any firearms or ammunition; and (4) notify the probation officer at least ten days ahead of time of any change of address.

On March 3, 2021, while still on supervised release, Mercado was driving a car in Ponce, Puerto Rico. Puerto Rico Police Bureau officers pulled Mercado over for not wearing a seatbelt. During that stop, the officers observed a firearm inside a fanny pack that was in the car. Mercado told the officers that he did not have a firearms permit. The officers then seized the firearm, a Glock pistol that was modified to shoot automatically and loaded with a magazine containing fourteen rounds. The police also found another magazine loaded with ten rounds inside the fanny pack.

The officers arrested Mercado. Mercado told the officers that he had additional ammunition at his apartment. The officers then searched his apartment and found two loaded, high-capacity magazines, each containing twenty-five rounds of

ammunition. They also found two plastic baggies containing cannabis.

## B. Procedural Background

The day after Mercado was arrested, the United States Probation Office ("Probation") petitioned the court to issue a warrant and require Mercado to show cause why his supervised release term should not be revoked. Mercado was charged a few days after that with one count of possession of a machinegun in violation of § 922(o) and one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). A revocation hearing for Mercado's violation of the terms of his supervised release followed, where the district court imposed a revocation sentence of sixty months -- the maximum allowable sentence under 18 U.S.C. § 3583(e)(3). Then, the parties reached a plea agreement regarding the new criminal charges under which Mercado pled guilty to one count of possession of a machinegun, id. § 922(o). Finally, a sentencing hearing for the new charges for possession of a machinegun was held, where the district court imposed a sentence of forty-eight months. We describe the hearings and related events below.

### 1. Revocation Hearing

On October 18, 2021, the district court held a hearing on the revocation of supervised release. At the hearing, Mercado told the court that he was not contesting the factual basis

supporting Probation's petition to revoke the supervised release term. Mercado and the government agreed that the Guidelines sentencing range for violating supervised release was twenty-seven to thirty-three months.

Mercado requested a sentence of twenty-seven months, emphasizing his voluntary cooperation with the police on locating the additional ammunition he possessed at home and that he would be punished again through his new criminal charges for the exact same conduct at issue in the revocation. The government, by contrast, requested a thirty-three-month sentence, stating that "it's hard to imagine guns that are more dangerous than machine guns" and noting that Mercado's previous conviction for armed robbery also involved firearms.

The district court recognized the Guidelines sentencing range of twenty-seven to thirty-three months. But the court also observed that, under 18 U.S.C. § 3583(e)(3), it could impose a maximum sentence of sixty months upon revocation of supervised release because Mercado's original offense was a Class A felony. It then stated that "[t]he [c]ourt has taken into consideration the factors set forth in Title 18 United States Code Section 3553(a) and the seriousness of Mr. Mercado's violations." The court concluded that:

> Mr. Mercado has shown that he is unable to comply with the law or his conditions of supervision imposed by the [c]ourt.

To reflect the seriousness of the offense, promote respect for the law, provide just punishment for Mr. Mercado's offense, afford adequate deterrence, and to protect the public from additional crimes by Mr. Mercado, the [c]ourt concludes that a sentence mandated by statute is sufficient but not greater than necessary to comply with the purposes set forth in Title 18 United States Code Section 3553(a).

The court then rendered a sentence of sixty months, an 82% upward variance from the top end of the Guidelines sentencing range, with no subsequent supervision.

Mercado's counsel objected to the sentence as both procedurally and substantively unreasonable. Counsel noted that the sentence imposed was almost double the higher end of the Guidelines sentencing range, and higher even than the likely maximum Guidelines sentence for Mercado's new charges. The court noted counsel's objections and then ended the hearing.

## 2. Plea Agreement and § 922(o) Hearing

A few days after the revocation hearing, Mercado and the government reached a plea agreement regarding the two new possession of machinegun charges. Under the agreement's terms, Mercado pled guilty to one count of possession of a machinegun, 18 U.S.C. § 922(o).[1] The parties also agreed that, assuming a

---

[1] Although the plea agreement is silent on the other charge of possession of a firearm and ammunition by a prohibited person, 18 U.S.C. § 922(g)(1), the parties appear to have agreed that this charge would be dismissed. At the end of the sentencing hearing

Criminal History Category of III, the recommended Guidelines sentencing range was thirty to thirty-seven months. The parties further agreed that Mercado would request a sentence at the low end of the recommended range, while the government would recommend a sentence in the middle of the recommended range.

On February 3, 2022, Probation filed its PSR on the new criminal charges. The PSR calculated Mercado's Criminal History Category as III and the Total Offense Level as seventeen; accordingly, it calculated a Guidelines sentencing range of thirty to thirty-seven months. The PSR also noted that, in considering a sentence outside the Guidelines recommendations,

> the [c]ourt may consider that this is not the defendant's first weapons law violation and that pistols modified to be fully automatic, such as the one possessed by the defendant, present dangers additional to those raised by machineguns that are manufactured as such. As these firearms modified to shoot automatically do not have mechanisms to manage the recoil, they cause the muzzle to change direction from that of its intended target, placing anyone who is within the vicinity of the shooter in danger. These modified weapons inhibit the user from being able to control the weapon during discharge and risk[] spraying an uncontrollable large volume of bullets in seconds making it even deadlier.

for the § 922(o) offense, the government moved to dismiss all other remaining counts, which the district court granted.

The § 922(o) sentencing hearing was held a week later on February 10, 2022.  Per the parties' agreement, Mercado requested thirty months, the low end of the Guidelines range, and emphasized that the district court had already sentenced him to a statutory maximum of sixty months at the supervised release revocation hearing.

The government then recommended thirty-four months as agreed.  The government noted that it "did take into consideration, at least from our end, the sentence upon revocation when agreeing to the 34 months."

The district court imposed a sentence of forty-eight months, a 30% upward variance from the Guidelines maximum of thirty-seven months, followed by three years of supervised release.  It identified several grounds for the upward variance. First, the court opined that "[a] modern machine gun can fire more than a thousand rounds a minute, allowing a shooter to kill dozens of people within a matter of seconds.  Short of bombs, missiles, and biochemical agents, the [c]ourt can conceive of few weapons that are more dangerous than machine guns."

Second, the court noted that pistols modified to shoot automatically are more dangerous than guns manufactured to shoot that way because they "are difficult, if not impossible, to control due to their recoil or kickback," but the Guidelines do not differentiate between the two kinds.  The court then referenced

Kimbrough v. United States, 552 U.S. 85 (2007), to register its disagreement with the Guidelines' "low . . . range in machine gun cases."

Third, the court noted that "the First Circuit Court of Appeals has repeatedly held that large amounts of . . . ammunition may warrant a variance, because it is a consideration not . . . adequately accounted for in the [G]uidelines, and because [ammunition] contribute[s] to the lethalness of the machine gun."

Fourth, the court considered "the serious and acute problem of gun violence in Puerto Rico, as the First Circuit Court of Appeals has acknowledged it may do. The statistics bear this out. Higher sentences for gun-related offenses do have a deterrent effect. Increased sentences for gun-related offenses decreased gun violence."

Fifth and finally, the court stated that "Sentencing Commission statistics . . . demonstrate that firearms offenders recidivate at a higher rate and more quickly than non-firearms offenders in every criminal history category. Mr. Mercado is an example of that recidivism. He has certainly not learned his lesson."

Mercado's counsel then objected to the procedural and substantive reasonableness of the sentence. Counsel noted that Mercado was "being punished twice on an upward variance for possessing the exact same gun on the exact same day." Counsel

also pointed out that the Guidelines already consider Mercado's prior criminal history and that Mercado was in possession of a machinegun. Counsel then closed by requesting the court to sentence Mercado within the Guidelines range "because he was already punished for this same exact conduct."

The court denied the request and concluded the hearing. This timely appeal followed.

## II. Legal Standards

### A. Preserved and Unpreserved Claims

Preserved claims of sentencing error are reviewed for abuse of discretion. See United States v. Melendez-Hiraldo, 82 F.4th 48, 53 (1st Cir. 2023). "This is a multifaceted standard whereby 'we apply clear error review to factual findings, de novo review to interpretations and applications of the [G]uidelines, and abuse of discretion review to judgment calls.'" Id. at 54 (quoting United States v. Nieves-Mercado, 847 F.3d 37, 42 (1st Cir. 2017)).

Unpreserved claims, on the other hand, are reviewed under our plain error standard. See id. at 53. "Plain error requires a defendant to show: '(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Cruz-Agosto, 102 F.4th 20, 24

- 10 -

(1st Cir. 2024) (quoting United States v. Lessard, 35 F.4th 37, 42 (1st Cir. 2022)).

## B.    Procedural Reasonableness

Procedural errors can include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Melendez-Hiraldo, 82 F.4th at 53 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  "During sentencing, a court must 'state in open court the reasons for its imposition of the particular sentence.'"  United States v. Reyes-Correa, 81 F.4th 1, 10 (1st Cir. 2023) (quoting 18 U.S.C. § 3553(c)).  When imposing an above-Guidelines sentence, the sentencing court "must justify the upward variance."  Id. (quoting United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014)).  "To successfully justify a variance, the court needs to 'articulate why it believes that the defendant's case differs from the norm.'" Id. (cleaned up) (quoting Del Valle-Rodríguez, 761 F.3d at 177).

## III. Discussion

Mercado now argues that both the sixty-month sentence imposed at the revocation hearing and the forty-eight-month sentence imposed at the § 922(o) sentencing hearing were

procedurally unreasonable.[2] We agree that the sixty-month sentence was procedurally defective and remand for resentencing. However, we discern no reversible error as to the forty-eight-month sentence, and accordingly affirm. We explain in turn.

### A.    Revocation Sentence

We first address the government's threshold argument that Mercado failed to preserve any procedural error claim for appellate review. Finding otherwise, we proceed to the merits of Mercado's procedural claim and conclude that the district court's revocation sentence was procedurally flawed.

### 1.    Preservation

As a preliminary matter, the government contends that Mercado did not preserve his procedural error claim for review, and therefore plain error review should apply.

We disagree. We have observed that "[a] general objection to the procedural reasonableness of a sentence is not sufficient to preserve a specific challenge to any of the sentencing court's particularized findings." United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017). At the same

---

[2] At each hearing, Mercado objected to both the procedural and substantive reasonableness of the sentence imposed. However, on appeal, Mercado does not advance any argument on substantive reasonableness. We thus do not address it now. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[It is a] settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

time, "a defendant's objection [to procedural sentencing error] need not be framed with exquisite precision" to preserve the claim for appellate review.  United States v. Rivera-Berríos, 968 F.3d 130, 134 (1st Cir. 2020).  At bottom, the objection only needs to be "sufficiently specific to call the district court's attention to the asserted error."  Id. (quoting Soto-Soto, 855 F.3d at 448 n.1).

Mercado clears this bar.  Above and beyond the general assertion that the court's sentence was "procedurally unreasonable," Mercado's counsel alerted the court that "[t]he [Guidelines] already considered that [the new charges are] a Grade A violation and that he was on supervision for a Class A felony; and this is a Grade A violation because, as considered by the [G]uidelines, it involves a possession of a machine gun."  This is sufficiently specific notice to the sentencing court of Mercado's belief that the court's articulated grounds for an upward variance were already factored into the Guidelines sentencing range.

The procedural error claim was preserved.  We thus review its merits for abuse of discretion.

### 2.  Procedural Error

To recap, "[a] court commits 'significant procedural error' by 'failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Melendez-Hiraldo, 82 F.4th at 54-55 (quoting Gall, 552

- 13 -

U.S. at 51).  When a sentence surpasses what the Guidelines recommend, "'[the court] must justify the upward variance' by 'articulat[ing] why it believe[s] that the appellant's case differ[s] from the norm.'"  Id. at 55 (alterations in original) (quoting Del Valle-Rodríguez, 761 F.3d at 176, 177).  "[T]he strength of the justification must increase proportionally with the length of an upwardly variant sentence."  United States v. Perez-Delgado, 99 F.4th 13, 25 (1st Cir. 2024) (quoting Reyes-Correa, 81 F.4th at 13).

On this measure, the district court's explanation fell short.  To see why, a review of the court's relevant statements at the revocation hearing is helpful.  The court first stated that it "ha[d] taken into consideration the factors set forth in Title 18 United States Code Section 3553(a) and the seriousness of Mr. Mercado's violations."  It then noted that Mercado is charged with violating 18 U.S.C. § 922(o), possession of a machinegun, and 18 U.S.C. § 922(g)(1), being a prohibited person in possession of a firearm and ammunition "while serving a supervised release term after having been convicted of violent offenses, a robbery in which he threatened a Ponce gas station attendant with a firearm and brandishing the firearm in furtherance of the robbery."  The court found that "Mr. Mercado has shown that he is unable to comply with the law or his conditions of supervision imposed by the [c]ourt."  It then provided the reasons for the sentence imposed: "To reflect

the seriousness of the offense, promote respect for the law, provide just punishment for Mr. Mercado's offense, afford adequate deterrence, and to protect the public from additional crimes by Mr. Mercado . . . ."

But nothing said here by the district court indicates how Mercado's violation of supervised release case differs from the mine-run of cases already contemplated by the Guidelines. See Rivera-Berríos, 968 F.3d at 137 (Guidelines meant to apply to the mine-run of specific crimes). While the district court's mention of Mercado's past armed robbery of a Ponce gas station perhaps suggested that it believed that, in light of Mercado's commission of another gun-related offense, a variant sentence was necessary to provide adequate deterrence and protect the public, the district court did not explain why the Guidelines range did not adequately account for those considerations or why they justified an upward variance up to the maximum statutorily authorized sentence. See United States v. Colón-Cordero, 91 F.4th 41, 54 (1st Cir. 2024) ("We need to be able to understand the reasons of the district court and how it arrived at its sentencing pronouncement: 'When imposing a significant variance, a sentencing court must make clear which specific facts of the case motivated its decision and why those facts led to its decision.'" (quoting United States v. Muñoz-Fontanez, 61 F.4th 212, 215 (1st Cir. 2023))).

- 15 -

The rest of the district court's explanation also provides no support for such a substantial upward variance. The mere fact that Mercado was unable to comply with the law or his supervised-release conditions, which is common to all revocations of supervised release, cannot justify a deviation from the recommended sentence. See Reyes-Correa, 81 F.4th at 11 (substantially identical remark during revocation "does not explain the sentencing rationale or justify the upward variance"). Nor can the district court's recitation of now-familiar boilerplate language. See id. at 10-11.

We do not conclude that an upward variance is categorically unwarranted here, but the district court's explanation for the variance was insufficient. We therefore vacate Mercado's sixty-month revocation sentence and remand for resentencing consistent with this opinion.

### B.    Section 922(o) Sentence

Regarding the § 922(o) sentence, Mercado takes issue with the following grounds on which the district court upwardly varied his sentence: (1) the dangerous nature of machineguns; (2) the quantity of ammunition; (3) a policy disagreement with how the Guidelines treat machineguns; and (4) unsupported statistics regarding the prevalence of gun violence in Puerto Rico.

Although there is some dispute about which of these issues were properly preserved for appeal and which were not, the

parties agree that Mercado preserved at least his argument regarding the amount of ammunition. Because we find that the amount of ammunition at issue here (seventy-four rounds and two extended magazines) is independently sufficient to support the district court's 30% upward variance, we need not address the preservation or merits of the other issues that Mercado raises.

"We have held repeatedly that the amount of ammunition and the number of extended magazines . . . can be valid bases for an upward variance for firearms offenses." United States v. Polaco-Hance, 103 F.4th 95, 101 (1st Cir. 2024); see also United States v. Bruno-Campos, 978 F.3d 801, 806 (1st Cir. 2020) ("Nothing in . . . the [G]uideline provision . . . accounted for the possession of . . . substantial quantities of ammunition[] and/or multiple high-capacity magazines.").

Altogether, Mercado was found in possession of seventy-four rounds of ammunition, fifty of which were encased in two high-capacity magazines. We have previously upheld upward variances where the district court relied on similar quantities of ammunition and/or extended magazines. See, e.g., United States v. García-Mojica, 955 F.3d 187, 189, 193 & n.7 (1st Cir. 2020) (two high-capacity magazines and forty-seven rounds of ammunition supported finding that "extra ammunition" was present which was not fully taken into consideration by Guidelines); Bruno-Campos, 978 F.3d at 804, 806 (same regarding eighty-nine rounds across

four magazines, two of which were high-capacity magazines). These cases concern amounts of ammunition markedly different from the amount at issue in Rivera-Berríos, on which Mercado relies, where we held that thirty-six rounds of ammunition spanning two high-capacity magazines was "entirely consistent with simple possession of a machine gun." Rivera-Berríos, 968 F.3d at 135.[3]

Also distinguishable are United States v. García-Pérez, 9 F.4th 48 (1st Cir. 2021), and United States v. Carrasquillo-Sánchez, 9 F.4th 56 (1st Cir. 2021), two other cases on which Mercado depends.

In García-Pérez, we considered whether a 40%, or twelve-month, upward variance to the top-end Guidelines sentencing range of thirty months based on sixty-five rounds of ammunition across three magazines, two of which were high-capacity, was warranted. 9 F.4th at 53-54. We specifically noted that the defendant there "had one more magazine and twenty-eight more rounds than the defendant in Rivera-Berríos," but nonetheless concluded that "the prudent course is to vacate [the upwardly variant

---

[3] Mercado attempts to analogize to Rivera-Berríos by pointing out that the defendant there was arrested alongside a companion who was found with two magazines together containing forty rounds, thereby suggesting that seventy-six rounds of ammunition are consistent with simple possession of a machinegun. But our conclusion that Rivera-Berríos was a "garden-variety machine gun possession case" was premised specifically on the thirty-six rounds attributed to the defendant only and did not rest on the amount of ammunition found on the other person arrested with him. See Rivera-Berríos, 968 F.3d at 132-33.

sentence] and remand" for resentencing. Id. at 54. However, that conclusion rested crucially on the fact that the sentence at issue was imposed shortly before Rivera-Berríos was published and that the district court's "exclusive reference to the magazines and ammunition" were "the only [permissible] aggravating factors supporting the variance." Id. at 55. We left the door open for the district court to impose another upward variance based on the amount of ammunition, now with the benefit of Rivera-Berríos, warning only that the district court was not "free to vary upwards even further, as nothing in Rivera-Berríos itself . . . provides any basis for doing so." Id. Thus, in our view, García-Pérez is unavailing.

Carrasquillo-Sánchez is even more readily distinguishable. There, we vacated a 60%, or eighteen-month, upward variance from the top end of the Guidelines sentencing range of thirty months. 9 F.4th at 57-58. While the defendant there possessed more than 100 rounds of ammunition, we concluded that "nothing in the [d]istrict [c]ourt's summary of the facts and weighing of the sentencing factors indicates that it relied for its variant sentence on Carrasquillo's additional magazines and ammunition." Id. at 62. Here, by contrast, the district court clearly identified the amount of ammunition and the presence of high-capacity magazines as sentencing rationales. We therefore reasonably reject Mercado's suggestion that Carrasquillo-Sánchez

countenances more than 100 rounds of ammunition as being consistent with simple possession of a machinegun.

Thus, although "[n]o additional period of imprisonment is insignificant to the incarcerated," we conclude that the district court's approximately 30% upward variance is supportable by the amount of ammunition at issue here.  See Cordero-Velázquez, 124 F.4th at 57; see also Gall, 552 U.S. at 50 (reasoning that any justification for a variance must be "sufficiently compelling to support the degree of the variance").  This is particularly true here because the district court's explanation is commensurate with the magnitude of variance, as required.  See Perez-Delgado, 99 F.4th at 25.[4]

We therefore find in the record sufficient grounds to support the district court's twelve-month upward variance to Mercado's § 922(o) sentence.  We discern no procedural error here.

### IV.  Conclusion

For the foregoing reasons, Mercado's revocation sentence of sixty months is **vacated** and **remanded** for resentencing consistent with this opinion.  Mercado's sentence of forty-eight months for the § 922(o) charge for possessing a machinegun is **affirmed**.

---

[4] We are skeptical that this amount of ammunition would be sufficient, on its own, to justify a variance of a higher degree. But because that question is not before us, we need say no more about it today.