# United States Court of Appeals
## For the First Circuit

Nos. 24-2076, 24-2077

UNITED STATES,

Appellee,

v.

CHRISTIAN DEL-VALLE-CAMACHO,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Aframe and Dunlap, Circuit Judges.

Jason González-Delgado was on brief for appellant.

Julia M. Meconiates, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, were on brief for appellee.

January 14, 2026

**DUNLAP**, **Circuit Judge**. Defendant-Appellant Christian Del-Valle-Camacho appeals from the district court's judgment imposing two concurrent sixty-month prison sentences for escaping from a judicially mandated re-entry program and being a felon in possession of a firearm and ammunition. Mr. Del-Valle-Camacho argues that his sentence is procedurally and substantively unreasonable because the district court imposed a nineteen-month upward variance without providing an adequate explanation based on a plausible sentencing rationale. After careful consideration, we conclude that the district court provided sufficient reason to justify its upward variance -- namely, the large amount of ammunition and number of magazines in Mr. Del-Valle-Camacho's possession -- and therefore affirm.

## I.

Following incarceration for a federal drug trafficking conviction, Mr. Del-Valle-Camacho entered a residential re-entry facility upon the court's order. On November 2, 2023, as Mr. Del-Valle-Camacho was returning to the facility from an approved work pass, a drive-by shooting occurred and Mr. Del-Valle-Camacho ran away. Staff called Mr. Del-Valle-Camacho after the shooting, and he advised them that he would return to the facility -- but he never did. U.S. Marshals arrested Mr. Del-Valle-Camacho nearly two months later at a residence, where they found in plain view a Glock pistol modified

to shoot as a machine gun, seven Glock nine-millimeter magazines of various capacities -- three of thirty-one-round capacity, two of twenty-four-round capacity, one of sixteen-round capacity, and one of fourteen-round capacity -- and 152 rounds of nine-millimeter ammunition.

Mr. Del-Valle-Camacho pled guilty to escaping from a judicially mandated re-entry program in violation of 18 U.S.C. § 751 and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). At sentencing, the court assessed a guideline range of thirty-three to forty-one months' imprisonment, based on a total offense level of nineteen and criminal history category of II. Mr. Del-Valle-Camacho requested a sentence of thirty-three months due to his compliance with his re-entry program before escaping, as well as his acceptance of responsibility upon arrest. The government, on the other hand, requested a sentence of forty-one months, arguing that Mr. Del-Valle-Camacho's escape demonstrated a "lack of commitment to complying with his prior sentence" and emphasizing that he was found with a modified pistol, "substantial amounts of ammunition," and "seven magazines."

Mr. Del-Valle-Camacho also cited statistics concerning the "average" sentence imposed under the guideline applicable to his case, United States Sentencing Guidelines ("U.S.S.G.")

§ 2K2.1.[1]  The court responded that those statistics were not specific to sentencing for defendants who possessed "altered" firearms or similar "number of rounds of ammunition."  The court concluded that Mr. Del-Valle-Camacho's case "may not be an average case" because it involved "an altered pistol, plus 152 rounds of ammunition, plus seven magazines, five of which were high capacity."

Before imposing a sentence, the court noted its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the presentence investigation report, the plea agreement, both parties' arguments, and Mr. Del-Valle-Camacho's allocution.  Recounting the offenses, the court again highlighted that Mr. Del-Valle-Camacho "possessed a machine gun, a Glock model 19X, modified to shoot automatically, seven magazines, five of which were high capacity, and 152 rounds of 9-millimeter ammunition, while on escape status" from the residential re-entry center.  It concluded that a sentence within the guideline range did not "reflect the seriousness of Mr. Del Valle's offenses," "promote respect for the law," "protect the public from additional crimes by Mr. Del Valle," or "address the issues of deterrence and punishment."  The court thus imposed a sentence of sixty months'

---

[1] This guideline provides base offense levels for offenses involving the unlawful receipt, possession, or transportation of firearms or ammunition, or other prohibited transactions involving firearms or ammunition.  See U.S.S.G. § 2K2.1.

imprisonment -- nineteen months above the upper end of the guideline range. Mr. Del-Valle-Camacho's counsel generally "object[ed] to the sentence imposed" but did not identify any procedural issues.

Mr. Del-Valle-Camacho timely appealed, challenging both the procedural and substantive reasonableness of his sentence.

## II.

When confronting a challenge to the reasonableness of a sentence, "[o]ur review process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Flores-Quiñones, 985 F.3d 128, 133 (1st Cir. 2021) (alteration in original) (quoting United States v. Reyes-Torres, 979 F.3d 1, 6-7 (1st Cir. 2020)). We analyze each in turn.

### A.   Procedural Reasonableness

Mr. Del-Valle-Camacho did not preserve a challenge to the procedural reasonableness of his sentence.[2] We review such unpreserved challenges only for plain error. United States v.

---

[2] "[T]o preserve a claim of procedural sentencing error for appellate review," a defendant must make an objection that is "sufficiently specific to call the district court's attention to the asserted error." United States v. Cordero-Velázquez, 124 F.4th 44, 52 (1st Cir. 2024) (alteration in original) (quoting United States v. Reyes-Correa, 81 F.4th 1, 10 (1st Cir. 2023)). There is no dispute that Mr. Del-Valle-Camacho did not object to any procedural aspect of his sentence and so did not preserve a challenge to its procedural reasonableness.

- 5 -

Cruz-Ramos, 987 F.3d 27, 44 (1st Cir. 2021). "Plain error review is not appellant-friendly. It 'entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Rondón-García, 886 F.3d 14, 20 (1st Cir. 2018) (quoting United States v. Cortés-Medina, 819 F.3d 566, 569 (1st Cir. 2016)).

The district court did not err, plainly or otherwise, in explaining its nineteen-month upward variance. A court commits procedural error where it "fail[s] to adequately explain" its sentence, "including an explanation for any deviation from the Guidelines range." United States v. Pupo, 995 F.3d 23, 28 (1st Cir. 2021) (quoting United States v. Díaz-Rivera, 957 F.3d 20, 25 (1st Cir. 2020)). When imposing an upward variance, the court "must make clear which specific facts of the case motivated its decision and why those facts led to its decision." United States v. Flores-Nater, 62 F.4th 652, 657 (1st Cir. 2023) (emphasis in original) (quoting United States v. Muñoz-Fontanez, 61 F.4th 212, 215 (1st Cir. 2023)). In particular, it must explain the variance based on "factors not adequately accounted for in the [guidelines]," United States v. Valle-Colón, 21 F.4th 44, 48 (1st Cir. 2021) (quoting United States v. Díaz-Lugo, 963 F.3d 145, 156 (1st Cir. 2020)), and "articulate why it believes that the

- 6 -

defendant's case differs from the norm," United States v. Cordero-Velázquez, 124 F.4th 44, 51-52 (1st Cir. 2024) (quoting United States v. Reyes-Correa, 81 F.4th 1, 10 (1st Cir. 2023)). The court's explanation can be made explicitly or may be drawn "by fair inference from the sentencing record." United States v. Montero-Montero, 817 F.3d 35, 38 (1st Cir. 2016). The court's rationale may be inferred, for example, through its "statements made at the sentencing hearing," Muñoz-Fontanez, 61 F.4th at 215 n.5, or "by comparing what was argued by the parties . . . with what the [court] did," United States v. Colón-Cordero, 91 F.4th 41, 53 (1st Cir. 2024) (quoting United States v. Carrasquillo-Sánchez, 9 F.4th 56, 62 (1st Cir. 2021)).

The district court's explanation of its sentence here, considered in the context of the entire sentencing record, adequately elucidates the facts that motivated its sentence. Both the court and the government emphasized the large amount of contraband possessed by Mr. Del-Valle-Camacho, including "seven magazines, five of which were high capacity, and 152 rounds of 9-millimeter ammunition." And the court did not just identify these facts; it explained that they distinguished Mr. Del-Valle-Camacho's case from the "average" firearm-possession case where U.S.S.G. § 2K2.1 is the primary sentencing guideline. For these reasons, the court concluded that a sentence within the guideline range would not sufficiently promote the Section 3553(a)

sentencing factors of respect for the law, protection of the public, and deterrence of future crime. Even if the court could have said more immediately before imposing its sentence, there is more than "enough information in the record" based on the statements made throughout the sentencing hearing "for us to evaluate [its] reasoning." United States v. Polaco-Hance, 103 F.4th 95, 102 (1st Cir. 2024); see also United States v. Turbides-Leonardo, 468 F.3d 34, 42 (1st Cir. 2006) ("[B]revity is not to be confused with inattention.").

The cases that Mr. Del-Valle-Camacho cites to critique the district court's explanation are inapposite. In Flores-Nater, we held that a sentencing court erred by imposing a thirty-year sentence, which reflected a twenty-year upward variance, without any explanation -- explicit or otherwise. 62 F.4th at 656-57. Emphasizing that the court's "burden of explanation 'increases in proportion to the extent of [its] deviation from the guideline range,'" we noted that the court's "only attempt at explanation" was a "mere listing of the facts" of the offense and the sentencing factors, "without emphasis on any particular circumstance" or "case-specific rationale." Id. (alteration in original) (quoting Muñoz-Fontanez, 61 F.4th at 214). We further observed that the court's rationale could not even "be gleaned 'by fair inference'" from the "empty sentencing record (which contain[ed] no meaningful insight into the court's reasoning)." Id. at 656 (quoting United

States v. Ortiz-Pérez, 30 F.4th 107, 114 (1st Cir. 2022)).  These deficiencies made "'it impossible to tell' what led the district court to impose a sentence that tripled the guideline sentence." Id. at 657 (quoting Muñoz-Fontanez, 61 F.4th at 214).

The nineteen-month upward variance here did not require the same degree of explanation as the twenty-year upward variance in Flores-Nater that tripled the guideline sentence.  In any event, unlike in Flores-Nater, the sentencing court here did identify case-specific factors that justified its upward variance, specifically that Mr. Del-Valle-Camacho possessed "an altered pistol, plus 152 rounds of ammunition, plus seven magazines, five of which were high capacity."  The court explained that these facts set Mr. Del-Valle-Camacho's offense apart from the "average" firearm-possession case.  Whether that explanation immediately preceded the court's imposition of the variance is beside the point because a sentencing court need not "follow any particular format in explaining an upwardly variant sentence." Id. at 656.  At the very least, the court's rationale can be gleaned "by fair inference" from the entirety of its statements in the sentencing record.  Ortiz-Pérez, 30 F.4th at 114 (quoting United States v. Montero-Montero, 817 F.3d 35, 38 (1st Cir. 2016)).

The other cases cited by Mr. Del-Valle-Camacho are likewise distinguishable because they lacked any explanation, either express or fairly inferred from the record, by sentencing

courts for significant upward variances. See Muñoz-Fontanez, 61 F.4th at 214 (holding that court plainly erred by imposing a sentence "nearly two and a half times" the guideline range based on "mere listing of the facts of the arrest, without emphasis on any particular circumstance" and where its rationale could not otherwise be "infer[red]" from the record); United States v. Mantha, 944 F.3d 352, 357 (1st Cir. 2019) (explaining that it would be plain error to impose a "substantially upwardly variant sentence" of "forty-five months" with "no explanation whatsoever" and where "defendant-specific reasons for a harsher sentence" could not be "inferred from the record"); Montero-Montero, 817 F.3d at 37-38 (holding that court plainly erred where the record showed the "virtually complete absence of any meaningful explanation" and "offer[ed] very few clues as to what was in the sentencing court's mind" for "what appear[ed] . . . to be an uncommonly harsh" upward variance from twelve months to sixty months); United States v. Rivera-Gonzalez, 809 F.3d 706, 711-12 (1st Cir. 2016) (holding that a "dramatic -- 25-year -- upwards variance from the guidelines sentence" where "no explanation" could be "inferred from the record" was plain error).  In contrast to the deficient explanations and lack of clues in the record supporting far greater variances in those cases, the court here did not plainly err because the record clearly indicates the factors that supported its upward variance.

## B. Substantive Reasonableness

Mr. Del-Valle-Camacho preserved a separate challenge to the substantive reasonableness of his sentence, which we review for abuse of discretion. United States v. Colón-De Jesús, 85 F.4th 15, 26 (1st Cir. 2023). "Each case is different: '[T]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes.'" United States v. Burgos, 133 F.4th 183, 195 (1st Cir. 2025) (alteration in original) (quoting Polaco-Hance, 103 F.4th at 104)). "[O]ur task is simply to determine whether the sentence falls within this broad universe." Id. (alteration in original) (quoting United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020)). "[T]he key inquiry is whether the sentencing court has articulated a plausible rationale and reached a defensible result." Colón-De Jesús, 85 F.4th at 26 (quoting United States v. De Jesús-Torres, 64 F.4th 33, 40 (1st Cir. 2023)).

"When, as here, the district court imposes a sentence above the guideline sentencing range, it 'must justify a variance of the magnitude in question,' and 'the rationale underlying the upward variance should "be rooted either in the nature and circumstances of the offense or the characteristics of the offender."'" Polaco-Hance, 103 F.4th at 104 (citation omitted) (internal quotations omitted) (first quoting United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008); and then quoting

- 11 -

Flores-Nater, 62 F.4th at 656-57). The court must also "articulate specifically the reasons that th[e] particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." Id. (quoting United States v. Guzman-Fernandez, 824 F.3d 173, 177 (1st Cir. 2016)). Even under an abuse of discretion standard, "considerable deference must still be given to the district court's judgment," including when "the sentence is outside the applicable [guideline range]." United States v. Contreras-Delgado, 913 F.3d 232, 239 (1st Cir. 2019).

Mr. Del-Valle-Camacho contends, in part, that his sentence is substantively unreasonable for the same reason that he contends it is procedurally unreasonable: no explanation was given for it. As we have already explained, however, the court did explain the reasons for the sentence, see supra Part II.A, and so this part of Mr. Del-Valle-Camacho's substantive reasonableness challenge necessarily fails.

Mr. Del-Valle-Camacho separately contends that his sentence is substantively unreasonable because our decision in United States v. Rivera-Berríos precludes sentencing courts from relying on "factor[s] already accounted for by the sentencing guidelines to impose a variant sentence." 968 F.3d 130, 136 (1st Cir. 2020). This contention misconstrues the holding in Rivera-Berríos; in that case, we acknowledged that a sentencing

court may vary a sentence based on a factor already accounted for in the guidelines so long as it explains why the defendant's case "differ[s] from the mine-run of" cases involving that factor or why that factor otherwise is "worthy of extra weight."  Id.

Applying that principle, "[w]e have held repeatedly that the amount of ammunition and the number of extended magazines," as here, "can be valid bases for an upward variance for firearms offenses," United States v. Mercado-Cañizares, 133 F.4th 173, 181 (1st Cir. 2025) (quoting Polaco-Hance, 103 F.4th at 101), because these factors remove such offenses "from the heartland of the relevant guidelines."[3]  United States v. Bruno-Campos, 978 F.3d 801, 806 (1st Cir. 2020); see also United States v. García-Mojica, 955 F.3d 187, 193 & n.7 (1st Cir. 2020) (explaining that court properly considered "extra ammunition" as basis for upward variance because it "contributed to the lethalness of the automatic weapon" and was not contemplated by the relevant guideline).

Here, while the applicable guideline contemplates the type of firearm possessed (a machine gun) and Mr. Del-Valle-Camacho's prior felony conviction, it says nothing about the significant amount of ammunition that

---

[3] Although we have often discussed the propriety of relying on the amount of ammunition and the number of magazines interchangeably in either the procedural or substantive reasonableness analyses in sentencing cases, we find this issue to be most relevant to the substantive reasonableness analysis in this case.

Mr. Del-Valle-Camacho possessed, which exceeds an amount "consistent with simple possession of a machine gun."[4] United States v. Morales-Vélez, 100 F.4th 334, 344-45 (1st Cir. 2024); see U.S.S.G. § 2K2.1(a)(3). Nor did any enhancement considering that factor apply to Mr. Del-Valle-Camacho's offense level. Because the guidelines therefore "d[id] not account" for the significant amount of "ammunition involved in [the] offense," an upward variance was justified. United States v. Rosario-Merced, 109 F.4th 77, 82-83 (1st Cir. 2024).

We have affirmed upward variances in firearm-possession cases involving less ammunition. See, e.g., Morales-Vélez, 100 F.4th at 340-41, 344-46 (affirming sixty-month upward variance where defendant "possessed not only a machine gun but four magazines, [two] of which were high capacity, and 125 rounds of radically invasive projectiles" (alteration in original)); Polaco-Hance, 103 F.4th at 100-01, 104-05 (affirming twenty-one month upward variance where defendant possessed "111 rounds of ammunition" and "five magazines, four of which were extended and all of which were loaded"); see also United States v.

---

[4] To be sure, U.S.S.G. § 2K2.1(a)(3) accounts for a quantity of ammunition that is "consistent with simple possession of a machine gun." United States v. Morales-Vélez, 100 F.4th 334, 344 (1st Cir. 2024) (quoting United States v. Rivera-Berríos, 968 F.3d 130, 135 (1st Cir. 2020)). But where, as here, the quantity of ammunition exceeds that, "[o]ur precedent is clear that sentencing courts may consider the amount of ammunition to be an aggravating factor, one not already accounted for by the guidelines." Id.

Rivera-Santiago, 919 F.3d 82, 83-86 (1st Cir. 2019) (affirming eleven-month upward variance where defendant possessed two empty large-capacity magazines and 127 rounds of ammunition); Mercado-Cañizares, 133 F.4th at 181 (concluding that "amount of ammunition at issue . . . (seventy-four rounds and two extended magazines)" was "independently sufficient to support" a "30% upward variance"). In light of this precedent, the district court properly based its upward variance on the 152 rounds of ammunition and seven magazines (five of which were high capacity) that Mr. Del-Valle-Camacho possessed at the time of his arrest.[5]

Because the court thus articulated a "plausible rationale and reached a defensible result," Colón-De Jesus, 85 F.4th at 26 (quoting De Jesús-Torres, 64 F.4th at 40), its sentence "falls within th[e] broad universe" of "reasonable sentencing

_____

[5] The district court further specified that Mr. Del-Valle-Camacho committed his firearm offense "while on escape status" from his court-ordered residential re-entry program. The government correctly represents that Mr. Del-Valle-Camacho's escape status did not affect his total offense level. That is because his escape count was nine levels less than his felon-in-possession count, so it could not "increase the applicable offense level" under the guidelines. See U.S.S.G. § 3D1.4(c). The guidelines in turn contemplate that the lower-level offense may still be "reason for sentencing at the higher end of the sentencing range for the applicable offense level." Id. We need not reach the question regarding whether his escape status provides further grounds for an upward variance, however, because the number of magazines and large amount of ammunition that Mr. Del-Valle-Camacho possessed was "independently sufficient to support" an upward variance. United States v. Mercado-Cañizares, 133 F.4th 173, 181 (1st Cir. 2025).

outcomes," Burgos, 133 F.4th at 195 (first quoting Rivera-Morales, 961 F.3d at 21; and then quoting Polaco-Hance, 103 F.4th at 104). While Mr. Del-Valle-Camacho surely preferred a different result, we cannot credit his effort to "substitute his judgment for that of the sentencing court." Rivera-Morales, 961 F.3d at 21 (quoting United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015)).

## III.

For the foregoing reasons, Mr. Del-Valle-Camacho's sentence is **affirmed**.